## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSE MENDIOLA, JR.,

          Appellant,

        v.

DEPARTMENT OF HOMELAND
   SECURITY,

          Agency.

DOCKET NUMBER
DA-0842-14-0035-I-1

DATE: December 4, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jose Mendiola, Jr.</u>, Brownsville, Texas, pro se.

<u>Mary E. Garza</u>, Edinburg, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's reconsideration decision denying him enhanced Customs and Border Protection Officer (CBPO) retirement coverage. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order to apply the appropriate regulations, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant is a Chief Supervisory CBPO, GS-1895-13. Initial Appeal File (IAF), Tab 4 at 78. On September 5, 2013, the agency issued a reconsideration decision affirming its initial finding that he was not entitled to enhanced CBPO retirement coverage under the Federal Employees' Retirement System. *Id*. at 16. The appellant filed an appeal with the Board alleging that the agency erred in not finding his current position a primary position because, due to staffing shortages, he is required to perform primary CBPO and first-line supervisory duties at least 50 percent of the time. IAF, Tab 1 at 5. The appellant also alleged that the agency erred by not considering his prior positions with the Department of Agriculture (Plant Protection Quarantine Officer, Supervisory Plant Protection Quarantine Officer, Supervisory Agriculture Inspector, and Supervisory Customs and Border Protection Agriculture Specialist), as primary positions for the purposes of enhanced CBPO retirement coverage. *Id.* at 5, 9. Following a hearing, the administrative judge issued an initial decision affirming

the agency's decision denying the appellant enhanced CBPO retirement coverage. IAF, Tab 17, Initial Decision (ID) at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3      The federal civil service retirement laws extend special retirement benefits to some people who serve as CBPOs. *See, e.g.*, 5 U.S.C. § 8412(d). The appellant bears the burden of proving his entitlement to enhanced retirement coverage. *Kroll v. Department of Homeland Security*, 121 M.S.P.R. 526, ¶ 6 (2014). Eligibility for enhanced retirement coverage is strictly construed because it is more costly to the government than traditional retirement plans and often results in the retirement of important people at a time when they would have otherwise continued to work for a number of years. *Id*.

¶4      An employee's service in both "primary" and "secondary" positions may count toward his eligibility for enhanced CBPO retirement coverage. 5 C.F.R. § 842.1003.[2] A primary position is a position classified within the CBPO (GS-1895) series or any successor position whose duties include the performance of work directly connected with activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry. 5 C.F.R. § 842.1002. A secondary position is a position within the Department of Homeland Security that is either supervisory, i.e., a position whose primary duties are as a first-level supervisor of CBPOs in primary positions; or administrative, i.e., an executive, managerial, technical, semiprofessional, or professional position for which experience in a primary CBPO position is a prerequisite. *Id*. Employees

---

[2] The initial decision cites to 5 C.F.R. Part 842, Subpart H, as the applicable regulations in the appeal. *See, e.g.*, ID at 1, 5-6, 14. On July 18, 2011, the Office of Personnel Management (OPM) issued regulations specific to CBPO enhanced retirement coverage. Customs and Boarder Protection Officer Retirement, 76 Fed. Reg. 41,993 (July 18, 2011) (codified at 5 C.F.R. Part 842, Subpart J). We considered this appeal under the regulations specific to CBPO enhanced retirement, and modify the initial decision accordingly. Although the language in 5 C.F.R. Part 842, Subpart H, and 5 C.F.R. Part 842, Subpart J, differs considerably, the underlying principles are similar and we reach the same result as the initial decision.

occupying secondary positions are only eligible for enhanced CBPO retirement coverage if they transferred directly from a primary position and completed 3 years of service in a primary position. 5 C.F.R. § 842.1003(b)(1)-(2). The agency considers the appellant's current position, Chief Supervisory CBPO, secondary. IAF, Tab 4 at 16-26. Although the appellant transferred to his current position directly from a primary position, he only served in that immediately preceding primary position for about 7 months, and thus the agency found him ineligible for enhanced CBPO retirement coverage. *Id*. at 24-25. The administrative judge affirmed the agency's decision and found that, although the appellant performs some primary duties in his current position, the agency correctly determined that his position is secondary because he supervises other supervisors. ID at 15.

¶5      On review, the appellant does not challenge, and we find no reason to disturb, the administrative judge's determination that his current position is a secondary position. ID at 9-15; *see* 5 C.F.R. § 842.1002. The appellant also does not challenge, and we find no reason to disturb, the administrative judge's finding that the positions he held with the Department of Agriculture are not predecessor positions to the CBPO position, and are therefore not primary positions. ID at 9, 15.[3] Although the appellant raises several arguments on review, none of his arguments are material as to whether he served the requisite 3 years in a primary position, and therefore his arguments provide no basis for disturbing the administrative judge's findings in the initial decision.

---

[3] The appellant's positions with the Department of Agriculture from March 1999 to January 2006 were not classified in the Immigration Inspector series (GS-1816), the Customs Inspector series (GS-1890), or the Canine Enforcement Officer series (GS-1801), the three series identified by OPM as predecessor series to the CBPO series (GS-1895). ID at 9; *see* 5 C.F.R. § 842.1003(c)(1)(i). Further, the appellant does not dispute the administrative judge's finding that the agency head has not determined that his positions with the Department of Agriculture would have been classified under the GS-1895 series had it then existed. ID at 9.

¶6    The appellant claims to have new evidence and arguments that were not available when the record closed. Petition for Review (PFR) File, Tab 1 at 4. Specifically, the appellant argues that he was subjected to disparate treatment when the agency reassigned an employee, for two pay periods, so that she could become eligible for enhanced CBPO retirement coverage, but no similar reassignment opportunity was offered to the appellant. *Id*. at 4-5. On review, he has provided documents dated from September 2011 to December 2012 related to the reassignment of this employee. *Id.* at 8-12.

¶7    Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). The appellant was permitted to testify at the hearing regarding the reassignment of this employee. IAF, Tab 16, Hearing Compact Disc (HCD) (testimony of Jose Mendiola). Because the appellant was permitted to testify concerning the information contained in these documents, the Board cannot consider it new evidence in support of the appellant's petition. 5 C.F.R. § 1201.115(d) (to constitute new evidence the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed).[4]

¶8    Even if the Board were to consider the appellant's alleged new evidence and argument on review, it is not of sufficient weight to alter the administrative judge's findings in the initial decision. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The agency considered reassigning the appellant to a primary position so that he could earn enhanced CBPO

---

[4] The appellant's testimony about this reassignment is not mentioned in the initial decision, but that does not render this evidence "new." The administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985).

retirement coverage but could not because he was over the maximum age limit for a CBPO primary position (37 years old). ID at 13 n.2. The administrative judge asked the appellant the of age the employee who was allegedly reassigned by the agency to establish her entitlement to enhanced CBPO retirement. HCD (testimony of Jose Mendiola). The appellant testified that she is 35 years old. The Board does not find this alleged new evidence of sufficient weight to alter the administrative judge's finding when the agency also considered reassigning the appellant but stated that it could not because he was over the maximum age for a primary position.[5]

¶9    On review, the appellant alleges for the first time that the agency discriminated against him based on his sex and age because he was not offered a reassignment to establish his entitlement to enhanced CBPO retirement. PFR File, Tab 1 at 6. The initial appeal and the appellant's prehearing submissions do not contain this discrimination claim. IAF, Tabs 1, 12-14. Although the appellant testified at the hearing about the reassignment of the same employee he is now using as a comparator in support of his discrimination claim, he failed to raise an allegation of sex or age discrimination before the administrative judge. An appellant must raise a discrimination claim when he has sufficient knowledge of facts and circumstances to form a reasonable suspicion that prohibited discrimination has occurred. *Weslowski v. Department of the Army*, 80 M.S.P.R. 585, ¶ 13, *aff'd*, 217 F.3d 854 (Fed. Cir. 1999) (Table). At the beginning of the hearing, the appellant stated that he had this same "new evidence" regarding the reassignment of an agency employee that he wanted the administrative judge to

---

[5] The appellant asserts on review that he was permitted to attend the Basic Customs and Border Protection Officer Academy in 2006 at the age of 42. PFR File, Tab 1 at 4. The Board notes that the legislation granting the Secretary of Homeland Security the authority to set a maximum age of CBPOs was passed in 2007. Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, 121 Stat. 1844, 2076-77 (2007) (codified as 5 U.S.C. § 3307(g)). The appellant has not argued that the agency appointed him, or any other CBPO over the maximum age set by the Secretary, to a primary position since the Secretary set the maximum age pursuant to this legislation.

consider. HCD. The administrative judge ruled that, because the appellant failed to provide her with the exhibits in advance of the hearing as required by the hearing order, the exhibits would not be accepted into evidence, but she allowed the appellant to testify about the reassignment. *Id*. Based on his testimony at the hearing, the appellant knew sufficient facts surrounding the reassignment to have raised his claims of discrimination before the administrative judge but failed to do so. *Id*. The appellant's sex and age discrimination claims cannot be raised for the first time on review when he had sufficient knowledge of the facts and circumstances to have formed a reasonable suspicion that discrimination occurred but failed to raise an allegation of discrimination before the administrative judge.

¶10        The appellant's other arguments on review—that the agency treats headquarters employees more favorably than employees in the field, PFR File, Tab 1 at 5; the agency failed to update him on the process during the years it took to render a final decision, *id.* at 7; and the agency has failed to efficiently and effectively manage its workforce, *id.* at 6—are not material to determining whether the appellant is entitled to enhanced CBPO retirement coverage. Even if these arguments were true, the Board could not order that the appellant be covered by enhanced CBPO retirement because he has not established by preponderant evidence that he has the requisite 3 years of service in a primary position. *See Kroll*, 121 M.S.P.R. 526, ¶ 11 (the Board cannot order the payment of federal retirement benefits when the statutory conditions for entitlement to those benefits are not met).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.